UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN BRIER, et al.,

    Plaintiffs,

v.                                          Case No. 3:16cv142-MCR-CJK

KEITH DE CAY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This diversity matter is before the court on Plaintiffs' Motion for Entitlement to Attorney's Fees (doc. 32) and defendant's response (doc. 47). After the motion was filed and defendant failed to timely respond, the undersigned entered an order (doc. 45) advising that additional briefing was required before a determination as to an award of attorneys' fees could be made. As the undersigned noted in his order, plaintiffs filed a complaint against defendant asserting a claim for breach of contract, stemming from defendant's breach of a settlement agreement intended to resolve a dispute between plaintiffs and a third party over a speculative real estate investment in Long Island, Bahamas, which settlement would have resulted in defendant obtaining title to the property at issue upon full payment to plaintiffs under the terms of the agreement.

The parties filed cross-motions for summary judgment (docs. 16, 20). The undersigned recommended that plaintiffs' motion for summary judgment be

granted and defendant's motion be denied. *See* doc. 26. The district judge entered an order (doc. 28) adopting the report and recommendation and granting summary judgment in favor of plaintiffs and against defendant in the amount of $94,000.

Plaintiffs filed a motion for attorneys' fees (doc. 32), stating the settlement agreement includes an attorneys' fee provision. As the undersigned observed, however, the agreement does not expressly provide for entitlement to attorneys' fees. Rather, it states that should the "agreement go into default each lot owner . . . shall be free to pursue all members of Party A to this agreement for all applicable damages, including court costs and attorney fees."[1] Doc. 1-1. The undersigned determined it was not clear the clause constitutes an unequivocal provision allowing for plaintiffs' attorneys' fees. *See, e.g., Williams v. Williams*, 892 So. 2d 1154, 1155 (Fla. 3d DCA 2005) ("Contractual provisions concerning attorney's fees are to be strictly construed"). Under Florida law, "if an agreement for one party to pay another party's attorney's fees is to be enforced it must unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable." *Sholkoff v. Boca Raton Community Hospital, Inc.*, 693 So. 2d. 1114, 1118 (Fla. 4th DCA 1997). The undersigned allowed plaintiffs 14 days in which to file a memorandum addressing their entitlement to contractual

---

[1] "Party A" is defined as "Billy Davis, Long Island Investments LTD, their agents and assigns." Doc. 46-1, p. 2. "Party B" is defined as "John Brier, Eugene Gridnev, Mark Murphy and Phila Keane." *Id.*

Case No. 3:16cv142-MCR-CJK

fees under Florida law and allowed defendant 14 days thereafter in which to respond.

In their memorandum, plaintiffs argue that in negotiating the settlement agreement at issue, defendant held himself out to be an agent of Billy Davis. Mr. Brier explained in his affidavit submitted in support of plaintiffs' motion for summary judgment that defendant contacted plaintiffs claiming he was "'acting as a liaison' to communicate an 'offer from Billy [Davis].'" Doc. 17, p. 6. Defendant informed plaintiffs that the sellers of the lots refused to talk to plaintiffs about resolving the dispute and that "all future dealings or settlements would have to be through Defendant." *Id.* According to plaintiffs, failure to specifically identify defendant as included in "Party A" was an oversight, as it is clear the parties intended for plaintiffs to recover attorneys' fees from defendant, the only party who had payment obligations under the agreement, in the event of default.

Defendant insists he was not an agent or assign of Billy Davis or Long Island Investments, LTD. Defendant, however, does not dispute that he represented himself as the only person with whom plaintiffs would deal in attempting to reach an agreement with Mr. Davis. Defendant also points out that he signed on behalf of himself, while Mr. Davis did the same, and argues that his signature would have been unnecessary if the parties had intended him to be included in "Party A."

Having reviewed plaintiffs' memorandum, defendant's response, and relevant case law, the undersigned finds plaintiffs entitled to an award of attorneys' fees under the settlement agreement. "Under contract law generally, while parties unquestionably enjoy the freedom to limit their respective remedies under a contract, a contract must nevertheless be reasonable and must provide to a mutuality of obligation in order to be considered enforceable." *Hardwick Props., Inc. v. Newbern*, 711 So. 2d 35, 38 (Fla. 1st DCA 1998). Further, as the Eleventh Circuit observed, "[i]t is a venerable principle of contract law that the provisions of a contract should be construed so as to give every provision meaning" and avoid rendering any provision surplusage. *Fla. Polk Cty. v. Prison Health Servs., Inc.*, 170 F.3d 1081, 1084 (11th Cir. 1999). In other words, "[c]ourts must 'construe contracts in such a way as to give reasonable meaning to all provisions,' rather than leaving part of the contract useless." *Publix Super Markets, Inc. v. Wilder Corp. of Delaware*, 876 So. 2d 652, 654 (Fla. 2d DCA 2004) (*quoting Hardwick*, 711 So. 2d at 40). According to this "time-honored rule of construction . . . , '[w]here the contract is susceptible to an interpretation that gives effect to all of its provisions, the court should select that interpretation over an alternative interpretation that relies on negation of some of the contractual provisions.'" *Paladyne Corp. v. Weindruch*, 867 So. 2d 630, 633 (Fla. 5th DCA 2004) (*quoting*

*Inter-Active Servs., Inc. v. Heathrow Master Ass'n, Inc.*, 721 So. 2d 433, 435 (Fla. 5th DCA 1998)).

To find defendant not responsible for plaintiffs' fees under the attorneys' fees provision in the settlement agreement would render the provision meaningless, as it plainly contemplates the recovery of fees upon default in payment and defendant is the only party who had payment obligations under the agreement. Moreover, the undersigned is not persuaded by defendant's argument he is not bound by the agreement, as it expressly applies to "Billy Davis, Long Island Investments LTD, their agents and assigns," the latter of which defendant held himself out to be. Doc. 1-1, p. 2. In addition, the agreement was signed by the 4 individuals who comprised "Party B," as well as Billy Davis and the defendant, all 6 *individuals* bound by the terms of the agreement. Hence, defendant's argument that his signature would not have been required is unavailing. In short, for defendant to be the only party not bound by the attorneys' fee provision under the facts of this case would not only render the attorneys' fee provision meaningless, but it also would defy logic.

Accordingly, it is respectfully RECOMMENDED:

1.    That Plaintiffs' Motion for Entitlement to Attorney's Fees (doc. 32) be GRANTED.

2. That plaintiffs be allowed 14 days from the date of the order adopting this report and recommendation in which to submit materials in support of their request for attorneys' fees and expenses in compliance with Local Rule 54.1.

3. That defendant be allowed 14 days thereafter in which to respond.

At Pensacola, Florida, this 25th day of January, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**