UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN BRIER, et al.,

    Plaintiffs,

v.                                Case No. 3:16cv142-MCR-CJK

KEITH DE CAY,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

This diversity action is before the court on Plaintiffs' Renewed Motion to Determine Amount of Attorneys' Fees and Costs (doc. 60), which the district judge referred to the undersigned (doc. 61) for a report and recommendation. Defendant has not responded to the motion, despite being afforded an opportunity to do so. Having reviewed the renewed motion, the undersigned finds plaintiffs again have failed to comply with the Local Rules regarding attorneys' fee awards and recommends their motion be denied without prejudice.

On August 16, 2018, the district judge entered an order (doc. 58) adopting the undersigned's Report and Recommendation, awarding plaintiffs attorneys' fees. While the Report and Recommendation was pending, plaintiffs filed a motion to determine the amount of attorneys' fees and costs to be awarded. *See* doc. 50. The district judge denied the motion without prejudice, finding plaintiffs failed to comply with the Court's Local Rules regarding attorneys' fee awards and

allowing plaintiffs 14 days in which to file a motion in compliance with the applicable rules. *See* doc. 59. Plaintiffs filed a renewed motion, but it, too, is deficient.

As the district judge explained, Local Rule 54.1 of the Northern District of Florida outlines the procedure to be followed with respect to motions for attorneys' fees. According to Local Rule 54.1(A), "[a] party who seeks an award of attorney's fees must first move for a determination of the party's *entitlement* to a fee award and may move for a determination of the *amount* of an award only after the Court determines the party's entitlement to an award." N.D. Fla. Loc. R. 54.1.

> If the Court determines that a party is entitled to a fee award, the party must file within 30 days:
>
> (1)   A declaration setting out the time devoted to the case by date and task, specifically identifying the timekeeper and the timekeeper claimed hourly rate. The declaration must include sufficient detail to allow a determination of reasonableness. And the declaration must include sufficient detail to allow the maximum feasible separation of time devoted to matters that are and are not compensable and matters on which the party did and did not prevail.
>
> (2)   A declaration of an independent attorney addressing the reasonableness of the claimed time and rates.

N.D. Fla. Loc. R. 54.1(E).

In support of their initial motion, plaintiffs submitted an affidavit of an independent attorney addressing the reasonableness of the claimed time and rates;

Case No. 3:16cv142-MCR-CJK

plaintiffs did not, however, submit a declaration of their counsel setting out the time devoted to the case by date and task, as required by Local Rule 54.1(E)(1). Plaintiffs attached a declaration of their counsel to the renewed motion, but the declaration does not comply with the Local Rules.  Rather than set out the time devoted to the case by date and task, as the Rules require, counsel simply referred to his prior filing–found inadequate by the district judge–to which he attached timekeeping records.  That is still not sufficient.

Accordingly, it is respectfully RECOMMENDED:

1. That Plaintiffs' Renewed Motion to Determine Amount of Attorneys' Fees and Costs (doc. 60) be DENIED without prejudice.

2. That plaintiffs be allowed a final opportunity to file a motion in compliance with the Court's Local Rules within 14 days of the date of the order adopting this Report and Recommendation and that plaintiffs be advised that should they fail to timely comply, their motion will be denied with prejudice.

At Pensacola, Florida, this 19th day of October, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 3:16cv142-MCR-CJK