UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN BRIER, et al.,

      Plaintiffs,

v.

Case No. 3:16cv142-MCR-CJK

KEITH DE CAY,

      Defendant.

_____/

REPORT AND RECOMMENDATION

      This diversity action is before the court on Plaintiffs' Motion to Determine Amount of Attorney's Fees and Costs (doc. 68), to which defendant responded in opposition (doc. 70).  Having considered the motion and supporting materials, the undersigned finds plaintiffs entitled to recover $73,815.00 in attorney's fees and $400.00 in costs from defendant.

Background

      Plaintiffs initiated this action on March 31, 2016, asserting a claim for breach of contract.  *See* doc. 1.  Defendant filed an answer and counterclaim.  *See* doc. 6.  On March 27, 2017, the district judge granted summary judgment in favor of plaintiffs and awarded $94,000.00 in damages against defendant.  *See* doc. 28.  On April 21, 2017, defendant filed a Notice of Appeal.  *See* doc. 33.  While the appeal was pending, plaintiffs filed a motion for entitlement to attorney's fees, *see* doc. 32, on which the undersigned issued a Report and Recommendation, *see* doc.

49.   Based on the Report and Recommendation, plaintiffs also filed a motion to determine the amount of attorney's fees and costs to be awarded.  *See* doc. 50. Defendant opposed plaintiffs' motions and objected to the Report and Recommendation.  *See* doc. 51.  Defendant also filed a motion asking the court to defer ruling on plaintiffs' motions pending the outcome of his appeal.  *See* doc. 52. The district judge stayed the matter pending appeal.  *See* doc. 53.

On July 18, 2018, the Eleventh Circuit Court of Appeals granted plaintiffs' motion to transfer the issue of attorney's fees and costs to this court.  *See* doc. 56. Two days later, the Eleventh Circuit entered its mandate, affirming the court's grant of summary judgment in favor of plaintiffs.  *See* doc. 57.  On August 15, 2018, the district judge entered an order lifting the stay, granting plaintiffs' motion for attorney's fees, and allowing defendant 14 days in which to file a response to plaintiff's motion to determine the amount of fees and costs to be awarded.  *See* doc. 58.  The matter is now before the court for a determination of those amounts.

Discussion

Local Rule 54.1 of the Northern District of Florida outlines the procedure to be followed with respect to motions for attorney's fees.  According to Local Rule 54.1(A), "[a] party who seeks an award of attorney's fees must first move for a determination of the party's *entitlement* to a fee award and may move for a

determination of the *amount* of an award only after the Court determines the

party's entitlement to an award." Pursuant to Local Rule 54.1(E),

> If the Court determines that a party is entitled to a fee award, the party must file within 30 days:
>
> (1)  A declaration setting out the time devoted to the case by date and task, specifically identifying the timekeeper and the timekeeper claimed hourly rate. The declaration must include sufficient detail to allow a determination of reasonableness. And the declaration must include sufficient detail to allow the maximum feasible separation of time devoted to matters that are and are not compensable and matters on which the party did and did not prevail.
>
> (2)  A declaration of an independent attorney addressing the reasonableness of the claimed time and rates.

Local Rule 54.1(E).

The undersigned finds plaintiffs have complied with Local Rule 54.1. Plaintiffs submitted a declaration from their counsel, Roger C. Brown, a partner in the law firm of Morgan & Morgan, P.A., as well as the firm's billing records, in support of their request for $94,905.00 in attorneys' fees and $400.00 in costs.[1] Plaintiffs also submitted an affidavit from Timothy Kiley, a partner in the law firm of Winderneedle, Haines, Ward & Woodman, P.A., located in Winter Park, Florida, attesting to the reasonableness of plaintiffs' fee request. According to the billing records, plaintiffs' counsel spent 210.9 hours from March 7, 2016, through

---

[1] Plaintiffs also are seeking a multiplier of 1.5, which has not been included in the computation.

January 30, 2018, prosecuting this matter and defending against defendant's appeal. Plaintiffs request that attorney's fee be awarded at a rate of $450.00 per hour.

The well-established lodestar method guides a determination of the reasonableness of attorney's fees. This method is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988). A reasonable hourly rate is based upon "'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'"[2] *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (*quoting Norman*, 836 F.3d at 1299). In calculating the number of hours reasonably expended on the litigation, the court should exclude excessive, unnecessary, and redundant hours, as well as time spent litigating "discrete and unsuccessful claims." *Duckworth*, 97 F.3d at 1397.

---

[2] To aid in the determination of an attorney's reasonable hourly rate, the court may also consider, to the extent relevant, the factors set out in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The Johnson factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney's inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases. *Id.* at 717. The going rate in the community, however, is the most critical factor in setting the fee rate. *Martin v. Univ. of S. Ala.*, 911 F.2d 604, 610 (11th Cir.1990).

Case No. 3:16cv142-MCR-CJK

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d 1292 at 1303. With respect to rates, an applicant may meet its burden by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates. *Id.* at 1299. In addition, the Eleventh Circuit has noted "the court . . . is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quotation and citation omitted). The party opposing the fee request "has the burden of pointing out with specificity which hours should be deducted." *Centex-Rooney Const. Co., Inc. v. Martin Cnty.*, 725 So. 2d 1255, 1259 (Fla. 4th DCA 1999); *see also Norman*, 836 F.2d at 1301. In cases involving a continency fee, once the lodestar is determined, the court must consider whether a multiplier is appropriate. *Standard Guar. Inc. Co. v. Quanstrom*, 555 So. 2d 828, 830 (1990).

Based on the undersigned's knowledge and experience, having observed and reviewed fee requests and awards for 28 years, the undersigned finds the amount of time expended on the matter to be reasonable, particularly considering defendant has not challenged any particular time entry. The undersigned finds the requested rate, however, to be excessive. In so finding, the undersigned notes Mr. Kiley,

from whom plaintiffs submitted an affidavit regarding the alleged reasonableness of their fee request, is a partner in a firm located in Winter Park, Florida, which is located in the Middle District of Florida.  Mr. Kiley made no statement indicating familiarity with the rates customarily charged in the Northern District of Florida, attesting instead to fees customarily charged in the State of Florida in general.  The undersigned finds $350.00 to be a reasonable hourly rate.  Indeed, the undersigned is confident plaintiffs would have had little difficulty finding competent counsel in the area to handle the matter at that rate.

Plaintiffs urge the court to adjust the lodestar upward by a rate of 1.5.  As set forth above, when the prevailing party has a contingent fee agreement with its counsel, the court must consider whether an enhancement is appropriate.  *Norman*, 836 F.2d at 1302.  Whether or not to apply a multiplier, however, is discretionary with the court.  *Perdue v Kenny A. Ex rel. Winn*, 559 U.S. 542, 558 (2010).  Plaintiffs bear the burden of proving an enhancement is necessary and "must produce specific evidence that supports the award."  *Id.* at 553 (internal marks omitted).  "[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  *Id.* at 554.  Factors considered in

Case No. 3:16cv142-MCR-CJK

determining the lodestar, however, should not be considered in deciding whether a multiplier is appropriate. *Id.* at 553.

In determining whether a multiplier is appropriate, the court should consider the following factors:

> (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in *Rowe* are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

*Quanstrom*, 555 So. 2d at 834. "Evidence of these factors must be presented to justify the utilization of a multiplier." *Id.* "If the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset, the trial judge may apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5." *Id.* Considering the relevant factors, the undersigned finds a multiplier unnecessary in this case. Success on the underlying matter was likely. Indeed, as characterized by the Eleventh Circuit, "[t]he undisputed facts of this case show that De Cay entered into an unambiguous agreement with [plaintiffs] to purchase several lots of land from them, and then failed to make

Case No. 3:16cv142-MCR-CJK

payments required by the agreement." *Brier v. De Cay*, 719 F. App'x 1001, 1002 (11th Cir. 2018).

Finally, the undersigned finds the requested costs reasonable.

Accordingly, it is respectfully RECOMMENDED as follows:

1.     That plaintiffs be awarded $73,815.00 in attorneys' fees and $400.00 in costs.

2.     That defendant be required to remit the above amounts to plaintiffs, through plaintiffs' counsel, within 30 days of the date of the order adopting this Report and Recommendation.

3.     That the Clerk be directed to close the file for administrative purposes and, upon the expiration of sixty (60) days without activity, close the case in its entirety for all purposes.

At Pensacola, Florida this 21st day of February, 2019.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**